**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**GLORIA R. LEWIS,**

     **Plaintiff,**

**v.**                                 **Case No: 5:16-cv-345-Oc-18PRL**

**COMMISSIONER OF SOCIAL**
**SECURITY**

     **Defendant.**

_____

## REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying her application for Disability Insurance Benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, I submit that the Commissioner's decision should be **REVERSED** and **REMANDED**.

### I.    BACKGROUND

On September 26, 2012, Plaintiff filed an application for DIB benefits, alleging disability beginning April 20, 2012. (Tr. 201-02). The claim was denied initially, and upon reconsideration. At Plaintiff's request, a hearing was held on August 5, 2014, where both the Plaintiff and an impartial vocational expert, testified. On October 10, 2014, the Administrative Law Judge (ALJ) issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 17-24). Plaintiff's request for review was denied by the Appeals Council (Tr. 1-7), and Plaintiff initiated this action

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

on May 18, 2016. (Doc. 1). Plaintiff has exhausted her administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments: status post rotator cuff injury, herniated disc in the lumbar spine. (Tr. 19).

The ALJ found that the Plaintiff had the residual functional capacity to perform light work except she should avoid concentrated exposure to hazards, and vibrations. (Tr. 20). She is limited to occasional reaching and fingering with her right dominant hand; occasional climbing but never ropes, ladders, or scaffolds; and occasional pushing and pulling. She is capable of standing, walking and sitting for 6 hours in an 8 hour workday. She is limited to simple and routine mental tasks due to her response to pain.

Based upon his RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as counter clerk, usher, furniture rental clerk, surveillance system monitor, and call out operator. (Tr. 24). The ALJ's finding includes her consideration of Plaintiff's limitations that erode the light unskilled occupational base, and the vocational expert's testimony regarding what functions Plaintiff could perform despite her limitations. (Tr. 23-24). Accordingly, the ALJ determined that Plaintiff is not disabled.

## II.     STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR

§§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

Nevertheless, "[t]he Secretary's failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

**III. DISCUSSION**

On appeal, Plaintiff argues that the ALJ failed to properly evaluate her mental impairments and the impact that they have on her ability to work.

In her RFC evaluation, the ALJ concluded that Plaintiff's mental impairments were non-severe and found that Plaintiff was capable of performing "simple, routine, and repetitive mental task[s]." (Tr. 22). The ALJ explained that simple tasks "are those that can be learned by on the job training demonstrations or within 30 days" and routine tasks "are those that are performed in the same or similar way each time to help with concentration lapses." (Tr. 22). The ALJ then found that Plaintiff's activities of daily living—including, working part-time, paying bills, and grocery shopping—are "similar to and consistent with performing simple, routine and repetitive mental tasks." (Tr. 22). Then, without any explanation, the ALJ's RFC limited Plaintiff to simple and routine mental tasks, without any requirement that the tasks be repetitive.

As an initial matter, the ALJ did not perform a psychiatric review technique ("PRT"), and perhaps this is why her evaluation of Plaintiff's mental impairments is confusing and inconsistent. "[W]here a claimant has presented a colorable claim of mental impairment, the Social Security Regulations require the ALJ to complete a PRT form, append it to the decision, or incorporate its mode of analysis into his findings and conclusions." *Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005). This technique requires evaluations on a four-point scale as to how a claimant's mental impairment impacts four functional areas: activities of daily living, social functioning, concentration, persistence, or pace; and episodes of decompensation. *Id.* at 1213-14, citing 20 C.F.R. § 404.1520a-(c)(3-4).

Even if the failure to perform the PRT was not reversible error, the ALJ's mental RFC determination is not supported by substantial evidence. Other than stating that she "carefully

consider[ed] all of the evidence of record," the ALJ did not discuss any of Plaintiff's mental health treatment, or even acknowledge that she sought and obtained treatment following her April 2012 motor vehicle accident. (Tr. 22). The record shows that she was treated by Robert P. Hosford, Ph.D. for over two years beginning in June 2012. (Tr. 484-86). Plaintiff reported anxiety, panic attacks, crying spells, and difficulty sleeping since her automobile accident. On examination, Plaintiff's affect was somewhat anxious and Dr. Hosford diagnosed Plaintiff with Adjustment Disorder with Mixed Anxiety and Depression and noted that her current emotional symptoms were causally related to her accident. Dr. Hosford's subsequent treatment notes from June 2012 through May 2013 reflect reports of depression, anxiety, crying spells and feelings of helplessness and hopelessness. (Tr. 482-83). In October 2012 and again in February 2013, Dr. Hosford noted that Plaintiff's return to work prognosis was guarded. (Tr. 482, 575). Dr. Hosford noted that Plaintiff's treating physician, Dr. Mishra prescribed various medications for depression and sleep issues including Cymbalta, Vilbryda, Ambien, and Xanax. (Tr. 482-83, 575). On May 7, 2013, Plaintiff reported struggling with depressive symptoms including occasional crying with feelings of helplessness and hopelessness and became tearful a number of times during the session. (Tr. 575)

Plaintiff continued treatment with Dr. Hosford from August 2013 through July 2014 (Tr. 615-16, 646, 652). Plaintiff continued to report frequent crying episodes, anxiety, depression, and feelings of worthlessness. In November 2013, Plaintiff returned to work as a home health aide for the elderly. (Tr. 616). She reported that with the increased activity she had more pain and was feeling more anxious like she was being "smothered." She had daily crying spells and trouble sleeping. On December 16, 2013, Plaintiff was more depressed and had daily crying spells. On May 13, 2014, Plaintiff reported crying episodes three to four times per week, feeling very stressed, confused and unfocused, all of which was disrupting her daily life. (Tr. 646). She was having

trouble doing even light housework. On June 9, 2014, Plaintiff acknowledged uncontrolled episodes of crying, that she was struggling with an inability to stick to a regular schedule, and having difficulties with concentration and pace. (Tr. 652). Dr. Hosford noted that he was concerned with Plaintiff's ability to maintain the rigors of work.

On June 11, 2014, Dr. Hosford sent a letter to Pam Ball, ARNP at Langley Health Services regarding his treatment of Plaintiff and requesting that Plaintiff be evaluated for fibromyalgia. (Tr. 651). Dr. Hosford noted that he had been providing psychotherapy to Plaintiff over the course of two years for depression and anxiety associated with her motor vehicle accident, and that despite counseling and medications, Plaintiff had continued to struggle with depression and anxiety.

The ALJ did not discuss any of these treatment records, and instead, appeared to rely solely on Plaintiff's own self-reported activity in determining Plaintiff's mental RFC. Specifically, the ALJ noted that Plaintiff "arrives for work, cleanly dressed and on time" which demonstrates her ability to follow a part time working schedule; and she pays her bills and goes grocery shopping which demonstrates her ability to make decisions and to interact with others. (Tr. 22). It is unclear how these activities refute evidence of frequent crying spells, anxiety, depression, and increased confusion in 2014 with her efforts to work part-time and her inability to stick to a schedule. Accordingly, I submit that the ALJ's mental RFC assessment is not supported by substantial evidence, and this requires reversal.

Moreover, the ALJ failed to articulate good cause for discrediting Dr. Hosford's opinion. The opinions of treating physicians are entitled to substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Commissioner of Social Security*, 363 F. 3d 1155, 1159 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997)). Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence

supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). With good cause, an ALJ may disregard a treating physician's opinion, but he "must clearly articulate [the] reasons" for doing so. *Id*. at 1240-41.

On May 15, 2013, after treating Plaintiff for one year, Dr. Hosford completed a mental impairment questionnaire in which he opined that Plaintiff had marked difficulties in maintaining concentration, persistence or pace, moderate restriction of activities of daily living, moderate difficulties in maintaining social functioning, and two episodes of decompensation. (Tr. 576-81).[2] He opined that Plaintiff would be unable to meet competitive standards in her ability to sustain an ordinary routine without special supervision, complete a normal workday and workweek without interruptions from psychologically based symptoms or perform at a consistent pace without an unreasonable number and length of rest periods, set realistic goals, or deal with stress of semiskilled or skilled work. She would likely be absent from work more than four days per month due to her impairments. Dr. Hosford opined that Plaintiff's depression was linked to an increased perception of her chronic pain and that her depression and chronic shoulder pain was expected to limit her ability to return to work in any capacity.

The ALJ accorded Dr. Hosford's opinion "some weight" based on her testimony of a "rather active lifestyle." However, as discussed above, the ALJ failed to consider and reconcile Plaintiff's ongoing treatment for depression and anxiety, including repeated crying spells and feelings of helplessness and hopelessness, and difficulties with concentration and sticking to a schedule – all of which raised issues regarding Plaintiff's ability to perform activities of daily living, social functioning and maintaining concentration, pace or persistence. Under these

---

[2] The ALJ incorrectly stated that Dr. Hosford noted moderate difficulties in maintaining concentration, when in fact, he noted marked difficulties.   (Tr. 22, 580).

circumstances, I submit that the ALJ failed to articulate good cause for not crediting Dr. Hosford's opinion.

Because remand is required on one issue raised in the case, it is unnecessary to review other objections to the ALJ's decision. *Freese v. Astrue*, No.8:06-cv-1839-T-EAJ, 2008 WL 1777722, at *3 (April 18, 2008 M.D. Fla)(citing *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991)). Accordingly, the Court finds it unnecessary to address Plaintiff's remaining argument that the ALJ failed to address Plaintiff's variable functioning during the relevant time period, and instead focused on a single progress note.

## IV.    RECOMMENDATION

For the reasons stated above, it is **RECOMMENDED** that the ALJ's decision should be **REVERSED** pursuant to 42 U.S.C. § 405(g) and **REMANDED** for further proceedings consistent with this Report and Recommendation.

**DONE and ENTERED** in Ocala, Florida on August 1, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties