UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**GLORIA R. LEWIS,**

    **Plaintiff,**

**v.**                                                                             **Case No: 5:16-cv-345-Oc-18PRL**

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

This matter is before the Court on Plaintiff's Consent Petition for Attorney Fees. (Doc. 24). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), Plaintiff requests an award of fees in the amount of $4,224.60. The attached schedules of hours confirm the attorney hours. (Doc. 24-1). Plaintiff represents that the Commissioner has no objection to her petition.

Plaintiff asserts that she is the prevailing party in this litigation, that the Commissioner's position in the underlying action was not substantially justified and that her net worth at the time proceeding was filed was less than two million dollars.[2] On August 23, 2017, the Court entered an Order reversing and remanding this cause back to the Commissioner for further proceedings

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 22). The next day, the Clerk entered Judgment. (Doc. 23). On October 31, 2017, Plaintiff filed her petition for attorney's fees. (Doc. 24).

Plaintiff attached a copy of the fee agreement (Doc. 24-2), which includes Plaintiff's assignment of EAJA fees to her counsel. In light of the assignment, Plaintiff requests (and Defendant agrees) that the payment should be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff owes a federal debt. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

I submit that pursuant to the provisions of the Equal Access to Justice Act (28 U.S.C. §2412(d)), Plaintiff's petition for attorney's fees (Doc. 24) should be **GRANTED**. Plaintiff should be awarded attorney's fees in the amount of **$4,224.60** and payment should be authorized to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the government.

Recommended in Ocala, Florida on November 14, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy